# IN THE SUPREME COURT OF THE STATE OF NEVADA

KEVIN MCCLURE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79583

FILED

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of murder and three counts of child abuse, neglect, or endangerment resulting in substantial bodily or mental harm.[1] Eighth Judicial District Court, Clark County; Michael Villani, Judge. Appellant Kevin McClure raises two main contentions on appeal.

McClure first argues that because the State's case relied on Shaken Baby Syndrome (SBS), it had to disclose to him and/or present to the jury documents showing that SBS is scientifically speculative and controversial. McClure contends that the State's failure to do so violated *Brady v. Maryland*, 373 U.S. 83 (1963). As McClure did not argue a *Brady* violation below, we review for plain error, *see Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008), and conclude he has not demonstrated any error. The State did not violate *Brady* because McClure has not shown it

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

possessed the treatises, research, or scientific studies he claims it withheld, and the State cannot produce or suppress evidence it does not have within its possession or control. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987) ("It is wellsettled that the government has the obligation to turn over evidence *in its possession* that is both favorable to the accused and material to guilt or punishment." (emphasis added)). Indeed, those materials do not appear to be governmentally created, gathered, or retained and were just as available to McClure as they were to the State. *See Steese v. State*, 114 Nev. 479, 495, 960 P.2d 321, 331 (1998) ("*Brady* does not require the State to disclose evidence which is available to the defendant from other sources, including diligent investigation by the defense."). Furthermore, McClure was on notice before trial of the importance of attacking the State's SBS theory when his appointed counsel subpoenaed additional coroner data, hired an expert to review the autopsy report, and moved to exclude the State's expert's SBS testimony.[2] *See United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991) (reiterating that there is no suppression of evidence when a defendant has enough information to unilaterally ascertain the alleged *Brady* material). Accordingly, McClure has not presented a basis for reversal on this issue.

Second, McClure argues that, because he was incapable of handling the case alone, the district court erred in allowing him to represent himself. McClure does not, however, contend he was unaware of the

---

[2]The district court apprised McClure of the outstanding pending events on his case when he moved to self-represent, but then took the matters off calendar at McClure's request.

dangers and disadvantages of self-representation; instead, he claims the district court should have required him to proceed with counsel because his failure to present any defense, including the controversy surrounding SBS, showed he was not competent to represent himself. But in Nevada a defendant has an "*unqualified* right to represent himself at trial so long as his waiver of counsel is intelligent and voluntary," thus, "[i]n assessing a waiver, the question before the district court is not whether the defendant can competently represent himself, but whether he can knowingly and voluntarily waive his right to counsel."[3] *Tanksley v. State*, 113 Nev. 997, 1000-01, 946 P.2d 148, 150 (1997) (emphasis added and internal quotation marks omitted). And because the district court aptly canvassed McClure and the record reflects a knowing, intelligent, and voluntary waiver of counsel, McClure has not demonstrated that the district court abused its discretion in granting his request to represent himself and waive his right to counsel. *See Faretta v. California*, 422 U.S. 806, 807, 835 (1975) (holding that in order to exercise his Sixth Amendment right to assume the risks of

---

[3]We decline McClure's invitation to employ a more stringent self-representation standard that would allow a court to deny self-representation because the defendant is not competent to a conduct trial proceedings. Although the United States Supreme Court has held that the Constitution does not preclude the States from denying a defendant the right to self-representation when the defendant lacks the mental competency to conduct trial proceedings due to severe mental illness, *Indiana v. Edwards*, 554 U.S. 164, 177-78 (2008), the States are not required to do so and here McClure has not suggested that he was mentally incompetent to conduct his own defense due to severe mental illness. McClure has not presented a compelling basis to reconsider Nevada law in this respect.

self-representation and conduct his own defense, a defendant must knowingly and intelligently waive his right to counsel); *Vanisi v. State*, 117 Nev. 330, 340-41, 22 P.3d 1164, 1171 (2001) (reviewing a district court's decision on a motion for self-representation for an abuse of discretion). Therefore, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Michael Villani, District Judge
       Allen Lichtenstein
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk